LUCIUS H. TOWNSEND, Respondent, *v.* ONEONTA, COOPERSTOWN AND RICHFIELD SPRINGS RAILWAY COMPANY, Respondent.

ATTORNEY-GENERAL OF THE STATE OF NEW YORK and KNICKERBOCKER TRUST COMPANY, Trustee, Appellants; HERBERT T. JENNINGS, Receiver, Respondent.

*Receiver — removal of — opportunity to answer charges should be given him — the fact that he was a director and the treasurer of a corporation does not prevent his being its receiver.*

A judgment creditor of a corporation, who had brought an action to procure a judgment sequestrating the property of the corporation, procured an order to show cause why a receiver of the property of the corporation should not be appointed.

The order to show cause directed that service of the moving papers be made on the corporation and on the Attorney-General. A Deputy Attorney-General, assuming to act on behalf of the Attorney-General, admitted service of the moving papers. On the return of the order to show cause the corporation appeared, and also an attorney on behalf of the Attorney-General. No objection being made thereto, one Jennings was appointed temporary receiver of the corporation and he immediately qualified. Fourteen days later the Attorney-General made a motion to vacate the order appointing the receiver upon the ground that the Deputy Attorney-General, who assumed to admit service on his behalf, had no authority to do so. Upon the return of such order to show cause, a further order was made directing that the order appointing Jennings as receiver be opened, and that the application for the appointment of a receiver be heard at a later date.

On the return of the last-mentioned order none of the interested parties objected to the appointment of a receiver, but an affidavit was presented on behalf of the Attorney-General and certain other parties, in which they attacked the qualifications and fitness of Jennings to act as receiver. Jennings was afforded no opportunity to answer such affidavit, except by an oral statement, which he made in open court. The proceeding resulted in an order continuing, ratifying and confirming Jennings' appointment.

*Held,* that the order should be affirmed, without prejudice to a direct application to remove Jennings as receiver, upon the hearing of which application full opportunity for a hearing could be given to the receiver and to all parties interested;

That the fact that Jennings had been a director and the treasurer of the defendant corporation was not of itself a sufficient reason why he should not have been appointed receiver, or why he should be removed from such position.

APPEAL by the Attorney-General of the State of New York and by the Knickerbocker Trust Company, as trustee, from an order of the Supreme Court, made at the Otsego Special Term and entered in the office of the clerk of the county of Otsego on the 31st day of July, 1903, continuing, ratifying and confirming the appointment of a receiver of the defendant.

*Henry W. Bean, John Cunneen, Attorney-General,* and *Frank H. Platt,* for the appellant, the Attorney-General of the State of New York.

*Julien T. Davies, Charles E. Hotchkiss* and *Charles K. Allen,* for the appellant, Knickerbocker Trust Company.

*A. Raymond Gibbs* and *Alva Seybolt,* for the plaintiff.

*Arthur M. Sanders,* for the respondents, the receiver and defendant.

CHASE, J.:

It is conceded that the defendant is insolvent. The plaintiff, a judgment creditor of the defendant, commenced this action July 2, 1903, to procure a judgment sequestrating the property of the corporation. On July third plaintiff obtained an order directing the defendant to show cause, at a Special Term to be held July fourth, why a receiver of the property of the defendant should not be appointed. The order directed that personal service of a copy of the order and papers on which it was granted be made on the defendant and on the Attorney-General of the State of New York that day. The papers were served upon the defendant as provided by the order. The person to whom the papers were delivered for service communicated by telephone with a person in charge of the office of the Attorney-General at Albany, and ascertained that the Attorney-General was out of town. Being informed that a Deputy

Attorney-General was at a neighboring village, the papers were taken to him and he was requested to admit service thereof. Said deputy then informed the person who delivered to him the papers that he had power and authority to make an admission of service for the Attorney-General, and to waive appearance, and further stated, in substance, that he so admitted service and waived appearance very frequently. The deputy thereupon took the papers and wrote across the back of the originals: "Due and timely service of within papers is admitted this 3d day of July, 1903. Appearance waived. John Cunneen, Attorney-General, per James E. Rafter, deputy."

On the return of said order to show cause the defendant appeared and an attorney also appeared on behalf of the Attorney-General, and no objections being made thereto, one Jennings was appointed temporary receiver of the defendant, and he was directed before entering upon the discharge of his duties to file a bond in the penal sum of $100,000 with sureties to be approved by a justice of the court. A bond was immediately given and approved, and he thereupon took possession of the property of the defendant and entered upon the discharge of his duties.

On the eighteenth day of July, upon affidavits relating to the service of the papers on the Attorney-General and the appearance for him, an order was obtained by the Attorney-General directing the plaintiff and said Jennings, as receiver, to show cause at a Special Term on July twenty-fifth why the order of July fourth, appointing said receiver, "should not in all things be vacated and set aside upon the ground of irregular service of motion papers upon the Attorney-General and of the unauthorized appearance of counsel in behalf of the Attorney-General, and why the appointment of the said Herbert T. Jennings as temporary receiver of the corporation should not be vacated and annulled."

On the return of said order the court made a further order that "upon filing with the court, and the service on plaintiff's attorney, of an affidavit of John Cunneen, Esq., Attorney-General of the State of New York, stating that James E. Rafter had no authority to sign the name of the Attorney-General to an admission of service of papers herein at any place other than at the office of the Attorney-General in the capitol at Albany, New York," the order

appointing Jennings receiver be opened, and that the application on behalf of the plaintiff for the appointment of a receiver be heard at a Special Term July 30, 1903. The affidavit of John Cunneen was filed as stated in the order.

On July thirtieth the plaintiff filed the request of many of the general and judgment creditors, lienors, stockholders and bondholders of the defendant, and a large number of representative men, asking that said Jennings be continued as receiver of said corporation.

. The Attorney-General was represented by one of his deputies, who consented to the appointment of a receiver. Counsel for the Knickerbocker Trust Company, the trustee for the mortgage bondholders of said defendant, and also counsel for one Nichols and one Burnett, alleged bondholders of the defendant, were heard, but did not oppose the appointment of a receiver. An affidavit was then filed, from which it was claimed by the Attorney-General, said trustee and said Nichols and Burnett, that Jennings was not a proper person to be continued as receiver. The affidavit so filed is very lengthy, and the only opportunity that Jennings had to examine, deny or explain the charges and statements therein made was in open court and by an oral statement made at that time.

It is claimed by the appellants that said Jennings is not only a director and the treasurer of the defendant, but that he has had the active management and control of the affairs of the corporation for several years, in which time he has largely extended its line and changed it from a local horse railroad to an extended electric railway system. It is also claimed by them that said Jennings has been personally interested in the contracts made by the said defendant for the construction of its road and extensions, and that the contractors have been mere "dummies" for him. It is also alleged by them that materials used by said contractors have been charged directly to the company, and that the bonds have been obtained from the trustee for the bondholders improperly and upon certificates of the engineer, made at the direction of Jennings, when the same were not justified by the work that had been done by said contractors, and that no adequate or satisfactory statement can be obtained as to the disposition of the moneys received by the defendant upon the bonds and stock that have been issued. It is further claimed that Jennings, in his personal interest and not regarding the interests of

the defendant, has obtained from the board of directors resolutions accepting the work of the contractors when the contracts were but partially performed, and that such contracts remain unfinished and unperformed.

If these allegations are true, it is manifest that some other person should take charge of the property and effects of the defendant as its receiver.

The defendant and the receiver dispute the title of said Nichols and Burnett to a large portion of the bonds claimed to be owned by them, and subsequent to the appointment of a receiver and before the hearing of July thirtieth, an action had been brought by the receiver to obtain a large number of the bonds so alleged to be owned by them. It does not appear that any bondholder or creditor of the defendant, except said Nichols and Burnett, oppose the continuance of Jennings as receiver.

We cannot overlook the fact that the court appointed Jennings receiver July fourth upon papers and consents that were at least regular upon the face thereof.

The order to show cause why the order of July fourth should not be vacated and set aside was not based upon papers in any way attacking the qualifications and fitness of Jennings as such receiver, and no papers of any kind relating thereto were served or brought to the attention of the defendant or the receiver until the argument of the motion.

The fact that Jennings had been a director and the treasurer of the defendant was not alone a sufficient reason why he should not have been appointed the receiver or to require his removal after an appointment. At the time of the hearing on July thirtieth he was in the actual possession of the property and effects of the defendant and engaged in the operation of its business. The application to vacate and set aside the order appointing a receiver was not made for the purpose of saving the defendant from dissolution, but it proved to be an effort to remove Jennings as receiver, which position he had then occupied under an order of the court for twenty-six days.

A reasonable opportunity was not given to the receiver to explain the serious charges made against him. An order removing him as receiver for cause should not have been made without a direct

application therefor, or, at least, without giving him a reasonable opportunity to present to the court a statement showing fully and in detail the disposition made by him as treasurer of the moneys received from the proceeds of the defendant's bonds, stock and discounted notes, and also explaining the several charges referred to in the attacking affidavits.

We are of the opinion that the order should be affirmed without prejudice to a direct application to remove the receiver, upon the hearing of which motion full opportunity can be given, not only to the receiver, but to all parties legally interested, and a determination can be had after the court is in possession of the claims of the interested parties, deliberately and fully stated.

All concurred.

Order of July 30, 1903, continuing receiver affirmed without prejudice to a direct application to remove the receiver, with ten dollars costs and disbursements.

Motions to dismiss appeals denied. Appeal from order of July 4 1903, dismissed.

---

NOTE.— The rest of the cases of this term will be found in volume 87 App. Div.— [REP.